IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS M. CLAY, SR.,          )
                 Petitioner    )
                         )
   vs.                    )     Civil Action No. 06-861
                         )     Judge Donetta W. Ambrose/
RAYMOND SOBINA; DISTRICT   )     Magistrate Judge Amy Reynolds Hay
ATTORNEY OF THE COUNTY OF   )
ALLEGHENY; PA ATTORNEY     )
GENERAL,                 )
             Respondents  )

REPORT AND RECOMMENDATION

RECOMMENDATION

        It is recommended that Petitioner's Motion for Preliminary Injunction (doc. 16) be denied.

REPORT

        The above-captioned case was commenced on July 24, 2006,with the filing of the Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions on forgery and theft by deception.  In the concluding section of his statement of grounds for the Petition, Petitioner asked that the Court provide him with "necessary documents [including] Prior Petitions/Motions/Brief's[sic] that have been filed in this case," noting that the Department of Corrections had taken his legal materials, including "these papers that are relevant in this case." Petition [Doc. 4] at p.8.  On August 15, 2006, the Respondents filed their Answer.  On August 17, 2006, the pertinent state court records were received by the Clerk of Court.

        On October 10, 2006, Petitioner filed a Motion for Leave to File a Motion for Expedited Production of Documents, through which he was seeking the following documents: (1) trial transcripts; (2) the Information/Bill of Particulars; and (3) his bond and transfer papers. Petitioner indicated that these documents were necessary to support his Petition.  As Respondents

noted in their reply to Petitioner's motion, the requested documents were either part of Respondents' Answer - - a copy of which was served on Petitioner - - or made a part of the federal Court record when the state court records were received.     Accordingly, on November 29, 2006, this Court denied Petitioner's motion to seek discovery noting that all of the material was available for the Court's review.

On December 14, 2006, Petitioner filed a Motion for Preliminary Injunction wherein he claimed that on September 22, 2006, the Department of Corrections confiscated his legal materials and research that he needed to file a traverse to the Commonwealth's Answer in this case, among others.  He asserted that he appealed the confiscation to the Commonwealth Court of Pennsylvania and to the United States District Court in Erie (C.A. No. 05-125E) without success.  He seeks injunctive relief alleging that without recourse to his legal materials he would suffer harm, that is, he would be unable to present his traverse, objections, amendments or memoranda of law.

In order to obtain a preliminary injunction, the district court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest.  Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995).  The preliminary injunction remedy "must be reserved for extraordinary circumstances." Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 189 (3d Cir. 1990).  If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).  Indeed, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm.  ECRI v.McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which

2

cannot be repaired, retrieved, put down again, atoned for.' " <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).

        Here it would seem that Petitioner has not demonstrated immediate irreparable injury.  In the first instance, Petitioner initially asserted the need for these materials as support for his Petition.  Since the materials have been provided to the Court through Respondents' Answer and the submission of the state court records, and, thus, the Court may review them in ruling upon the Petition, Petitioner's professed need for them would seem to have been satisfied.  Additionally, we note that the Department of Corrections permits inmates to have one footlocker and two boxes of legal materials in their cell, as demonstrated by Petitioner's own exhibit.  <u>See</u> Petitioner's Reply to Respondent's Answer from [sic] Preliminary Injunction Motion (doc. 21), Ex. A.  Additionally, it appears that Petitioner may not have made the Department of Corrections sufficiently aware of all of his Court cases[1], including this one.  <u>See</u> Plaintiff's Motion for Preliminary Injunction (doc. 16), at pp. 6, 9-11.  Thus, Petitioner himself could have remedied -- and may even now remedy -- the situation himself.  Because Petitioner has not demonstrated immediate irreparable injury his Motion for Preliminary Injunction should be denied.

        Respectfully submitted,

/s/   *Amy Reynolds Hay*
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 30 January, 2007

cc:    Cassius M. Clay, Sr.
       DQ-5954
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239-0945

       Ronald M. Wabby, Jr.
       Assistant District Attorney

---

[1]  It appears that in connection with C.A. 05-125E Petitioner was ordered to limit himself to one box of materials in that case.  <u>See</u> Plaintiff's Motion for Preliminary Injunction (doc. 16), p. 6.

401 Allegheny County Courthouse
Pittsburgh, PA 15219