IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASSIUS CLAY, Sr.,             )

         Petitioner       )

         vs.             )      Civil Action No. 06-861

Superintendent RAYMOND SOBINA and )      Judge Donetta W. Ambrose/
THE DISTRICT ATTORNEY OF THE COUNTY )      Magistrate Judge Amy Reynolds Hay
OF ALLEGHENY and THE ATTORNEY    )
GENERAL OF PENNSYLVANIA,      )

        Respondents     )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.

### REPORT

Cassius Clay ("Petitioner") is a state prisoner who seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Because his § 2254 petition was not filed timely, it should be denied. Alternatively, because he procedurally defaulted all of his claims, his petition should be denied.

**A.      Factual and Procedural History**

On August 26, 1993, Petitioner was convicted in a non jury trial of two counts of forgery and one count of theft by deception at Allegheny County Court of Common Pleas Criminal Nos. CC 199109475 and 199109476. Petitioner was represented by counsel throughout the attendant proceedings. On October 26, 1993, the Court entered a judgment of sentence, giving Petitioner two concurrent terms of three years probation on his convictions. No direct appeal was filed, although it appears that Petitioner claims in his habeas petition that he asked counsel to do so.

Waiting more than eight years, Petitioner then filed a pro se nunc pro tunc notice of direct appeal in the Allegheny County Court of Common Pleas on December 20, 2002 .  The Common Pleas Court treated the notice of appeal as a Post Conviction Relief Act ("PCRA") petition and appointed counsel.  In light of the Common Pleas Court's treatment of the notice of appeal, the Superior Court quashed the appeal by order dated April 25, 2003.

On September 17, 2004, Petitioner's court appointed attorney filed a "no merit" letter, indicating that Petitioner's PCRA petition was untimely filed and, therefore, none of Petitioner's issues could be addressed on the merits.  The "no merit" letter also requested leave to withdraw as counsel for Petitioner.  On November 18, 2004, the Common Pleas Court granted counsel leave to withdraw and directed Petitioner to advise the Court whether he intended to proceed with the PCRA petition and whether he would do so with or without privately retained counsel.  Doc. 7-3 at 37 - 38.  Petitioner filed what amounted to a brief in support of his PCRA petition.  Doc. 7-4 at 10 - 36.  The Common Pleas Court filed a notice of intention to dismiss the PCRA petition as time barred.  Doc. 7-4 at 11 - 13.  Petitioner filed a motion for reconsideration.  Doc. 7-4 at 14 - 19.  The Common Pleas court denied the PCRA petition as time barred on February 18, 2005. Doc. 7-4 at 20 - 21.

Petitioner appealed to the Superior Court, which, on January 11, 2006,  affirmed the denial of PCRA relief on the basis that the petition was time barred.  Doc. 7-5 at 42 - 51.

Then waiting for more than six months thereafter, Plaintiff signed the current habeas petition and motion for leave to proceed IFP in this case.  Doc. Nos. 1 (IFP) and 4 (Petition).  The Respondents filed an answer, Doc. 7, in which they pointed out that the instant petition was time barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Plaintiff also filed a motion for preliminary injunction, claiming that the Department of Corrections was confiscating his legal materials and thereby violating his right of access to the

2

courts. Doc. 16. The Respondents filed a response. The undersigned issued a report recommending denial of the motion for preliminary injunction. Doc. 23. The time for filing Objections to the report will expire on February 20, 2007.

**B.     Applicable Legal Standards**

AEDPA amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. Because Petitioner's habeas petition was filed after AEDPA's effective date of April 24, 1996, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

**C.     Discussion**

1.     Statute of Limitations

The Respondents contend that the instant petition is untimely because it was not filed within one year of Petitioner's conviction becoming final. The Respondents are correct.

With the enactment of AEDPA, Congress has required that state prisoners file their federal habeas petitions within one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under Section 2244(d)(1)(A), the date upon which a prisoner's conviction becomes final starts the limitations clock.  The record evidence shows that Petitioner was sentenced as to both convictions at issue here on October 26, 1993.  Because he did not file any appeal, his convictions became final thirty days later, i.e., November 25, 1993.  See  Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001)(Finding that where no direct appeal was taken, the "conviction and sentence were 'final' . . . when the time during which [the defendant] could have appealed (30 days) lapsed."), *abrogation on other grounds recognized in*, Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002); Commonwealth v. Wolf, 632 A.2d 864, 866 n.4 (Pa. 1993)("We recognize that a conviction, while generally finalized through imposition of a judgment of sentence, is also, as a practical matter, not final until appeals have been exhausted or the time for appeal has expired.").

However, because Petitioner's conviction became final before the effective date of AEDPA, we do not use the November 25, 1993 date as the start of the limitations period.  Rather, Petitioner had one year from April 27, 1996, the effective date of AEDPA, to file his federal habeas petition.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998)(establishing a one year grace period after AEDPA's enactment).  While it is true that a properly filed post-conviction or collateral petition that was filed and/or pending as of April 24, 1996, would have tolled the running of the limitations' grace period, see 22 U.S.C. § 2244(d)(2); Bennet v. Artuz, 199 F.3d 116, 119 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000), Petitioner did not file his nunc pro tunc appeal, which was treated as a post-conviction/PCRA petition, until December 20, 2002, more than six years after the one-year AEDPA statute of limitations had started to run.  See, e.g., Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)("Under 28 U.S.C. § 2244(d)(2), 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted' toward the one-year limitations period.  However, Cordle's motion for a new trial was not filed until November 11, 2000, several

years after her AEDPA limitations period had already expired. 'Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.'(citation omitted)").  Thus the nunc pro tunc appeal did not and could not toll AEDPA's statute of limitations, which had run out more than five years earlier.

Although a habeas respondent has the burden of affirmatively pleading AEDPA's statute of limitations, Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002), it is appropriate, where the habeas petitioner has been put on notice of a statute of limitations issue, to place some burden on the petitioner to show why some date other than the date his conviction became final should be used to calculate the running of the statute of limitations.  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response") (citing, Herbst v. Cook, 260 F.3d 1039, 1041-42 (9th Cir. 2001)); Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

In this case, Petitioner has not, in a traverse[1] to the answer or otherwise, argued that one of the remaining triggers found in Section 2244(d) applies here so as to allow his petition to be timely filed.  See  Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002)("Because Jackson did not assert that a government-created impediment to his filing existed,

---

[1]  To the extent that Petitioner would suggest that he could not adequately respond to the Respondents' invocation of the statute of limitations defense because of his alleged lack of legal paper work, as expressed in his motion for preliminary injunction, Petitioner may make any arguments he deems relevant to Respondents' statute of limitations defense in objections to this report.

that he based his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.").  Placing at least some burden on the Petitioner to show that one of the remaining three triggers applies is appropriate because it would seem that such information is more peculiarly within the party asserting/arguing the existence of a government-created impediment and/or factual predicate and/or a newly recognized constitutional right made retroactive by the Supreme Court.  Cf.  Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)("Our conclusion as to the allocation of the burden of pleading is supported by the nature of the qualified immunity defense.  As our decisions make clear, whether such immunity has been established depends on facts peculiarly within the knowledge and control of the defendant."); Compagnie Des Bauxites De Guinee v. Insurance Co. of North America, 721 F.2d 109, 116 (3d Cir. 1983)("Indeed, allocating the burden of persuasion to the insured is consistent with the well established rule that where the facts lie peculiarly within the knowledge of one party, that party should bear the risk of non-persuasion.  Any other rule would be particularly onerous to a party lacking information but required to prove a negative.").

Because the habeas petition was not filed within the one year grace period after AEDPA's enactment and because Petitioner has not argued or demonstrated why the AEDPA statute of limitations has not run, his petition is time barred and should be denied as such.

        2.     <u>Procedural Default</u>

In the alternative, Petitioner has procedurally defaulted all of his claims because he failed to file a direct appeal and he failed to timely file his PCRA petition.

The doctrine of procedural default provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule

and such failure would provide a basis for the state courts to decline to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court.  See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas).  The Court of Appeals for the Third Circuit has explained that

> [t]he doctrine of procedural default in effect makes compliance with all relevant state-law procedural rules a precondition to federal habeas relief.  In generic terms, if a defendant fails to comply with a state procedural requirement, and that failure prevents the defendant from obtaining relief on a claim of trial error from state court, then federal habeas relief on that claim is also procedurally barred absent a showing of "cause" for the default and "prejudice" attributable thereto.

Hull v. Freeman, 932 F.2d 159, 165 (3d Cir. 1991)(citing Wainwright v. Sykes, 433 U.S. at 86-87), *overruled on other grounds by* Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).  As Hull noted, "[t]his rule stems from the well-established principle of federalism that a state conviction resting on an 'adequate and independent' state ground is immune from direct review in federal courts." Id. at n. 7.

To the extent that Petitioner seeks to raise in his habeas petition any claims that he did raise, or could have raised on direct appeal from his conviction, he has procedurally defaulted all of those claims because, by his failure to file a direct appeal, he has waived those issues under state law.  Pennsylvania applies a rule of waiver in multiple contexts.  An issue not raised at trial or on direct appeal is waived.  Commonwealth v. Agie, 296 A.2d 741, 741 (Pa. 1972)("We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court.")(citations omitted);  Commonwealth v. Mitchell, 445 A.2d

721, 723 (Pa. 1982)(issues not raised on direct appeal are waived); Commonwealth v. Bolding, 462 A.2d 278, 280 (Pa. Super. 1983) (failure to file appeal from guilty plea waived issues that could have been raised); Commonwealth v. Steffish, 365 A.2d 865 (Pa. Super. 1976); Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir. 1996) ("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court."); Romero v. Stickman, 271 F.Supp.2d 644 (E.D. Pa. 2003)(claims not pursued on direct appeal were waived and, thus, were procedurally defaulted in federal habeas proceedings).  This court finds that the state procedural rule of waiver for failing to raise issues on appeal and/or for failing to file an appeal, constitutes and independent and adequate state rule, thus rendering Petitioner's failure to appeal, a procedural default of all claims he could have raised in the direct appeal.

In addition, as the Respondents point out, any issues that were raised or could have been raised by Petitioner in the PCRA proceedings were procedurally defaulted because he failed to comply with the state PCRA statutory requirement that his PCRA petition be filed within one year of the enactment of the PCRA's statute of limitations.  The Common Pleas Court agreed when it denied the PCRA petition based on its untimeliness.  The Superior Court affirmed the Common Pleas Court.  Both Courts refused to address Petitioner's claims on the merits because of this state procedural rule barring consideration of the merits if the PCRA petition is not timely filed. Petitioner's failure to timely file his PCRA petition constitutes a procedural default.  See, e.g., Banks v. Horn, 49 F.Supp.2d 400 (M.D. 1999) (holding that the State Supreme Court's refusal to consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely constituted a procedural default barring federal habeas review and that the PCRA's statute of limitations and its application by the state Courts was independent and adequate).  It appears that,

other than in death cases,[2] wherein the Pennsylvania Supreme Court's relaxed waiver rule applied at one early point, after January 16, 1997, the state courts regularly and consistently applied the PCRA statute of limitations so as to render it an adequate state law ground .  Catanch v. Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa.  July 23, 1999)(holding certain claims which were not otherwise exhausted had been procedurally defaulted because the claims could not be brought under a second PCRA petition as that petition would be time barred and that the state courts apply the PCRA statute of limitations consistently, thus rendering it an adequate and independent state law ground); Holland v. Horn, 150 F.Supp.2d 706 (E.D. Pa. 2001).[3]  Moreover, Petitioner fails to

---

[2] See, e.g., Bronshtein v. Horn, 404 F.3d 700 (3d Cir. 2005) (explaining the Pennsylvania Supreme Court's rule of relaxed waiver and recounting its history and its significance for procedural default analysis); Peterson v. Brennan, No. Civ.A. 97-3477, 2004 WL 1505253, *7 (E.D. Pa. June 15, 2004)("While the Court is aware of the Pennsylvania courts' past practice of relaxing state procedural rules in death penalty cases, referred to as the 'relaxed waiver rule,' . . .  petitioner does not cite any cases in which the relaxed waiver rule was applied in a noncapital case").

[3] Pursuant to Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996), it would appear that Petitioner's procedural default occurred when the one year grace period provided by the PCRA statute ran out, i.e., January 16, 1997.  Also pursuant to Doctor, it would appear that we must measure the adequacy of the PCRA statute of limitations as of that time, i.e., we must ask whether as of January 16, 1997, the PCRA statute of limitations was regularly and consistently applied.  Given the practical realities of the lag time between the enactment of the statute of limitations and the fact that no PCRA petition would be untimely filed under the newly enacted statute until, at the earliest, January 16, 1997, no state court case, yet alone, a published appellate court case, holding a PCRA petition time- barred would have been decided until some period of time after January 16, 1997.  In fact, the earliest published case that this court could find, which applies the PCRA statute of limitations was not decided until December 17, 1997.  Commonwealth v. Alcorn, 703 A.2d 1054 (Pa.Super. Dec. 17, 1997) and Commonwealth  v. Conway, 706 A.2d 1243 (Pa.Super. Dec. 17, 1997).  There must be a first time when a new rule is applied.  This court is unaware of any rule that requires a minimum number of applications of a new rule before it can be found to be regularly and consistently applied.

The court finds that after January 16, 1997, the State Courts consistently applied the PCRA statute of limitations in cases other than death cases, such as this one, so as to render the PCRA statute of limitations an adequate state procedural rule for purposes of the procedural default doctrine.

The rationale for requiring a state rule to be regularly and consistently applied, appears to be one of fairness and notice to the criminal defendant. See Cabrera v. Barbo, 175 F.3d 307, 313 (3d Cir. 1999)("The reason for these requirements is that a petitioner should be on notice of how to present his claims in the state courts if his failure to present them is to bar him from advancing them in a federal court.").  Where a state rule is promulgated by statute such as the PCRA limitations period, and where advance notice is given by virtue of the grace period provided in that very statue, in other words, by virtue of a transitional rule, it does not appear unfair to Petitioner, to require him to comply with the

allege, as is his burden,[4] the existence of either cause or prejudice for the procedural default and none appears on the record.  Neither does it appear that a miscarriage of justice would occur.  Accordingly, the Section 2254 petition should be denied.

To the extent that Petitioner would claim here ineffective assistance of counsel as an excuse for his failure to file an appeal (as he had done in state court), such might constitute cause so as to excuse the procedural default.  However, such a claim of ineffectiveness of counsel for failing to file an appeal can itself be procedurally defaulted and so, be barred from consideration as "cause" for the procedural default.  See, e.g., Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted").  And, in fact, that is precisely what occurred here.  Although Petitioner did raise in his PCRA petition a claim of the ineffective assistance of counsel for failure to file an appeal, the state courts uniformly refused to consider the claim on the merits because they held the PCRA petition to have been time-barred.  Hence, any claim of the ineffectiveness of counsel for failure to file an appeal or any claim of cause for procedural default based on such alleged ineffectiveness is itself procedurally defaulted.

_____

statute of limitations.  Cf. Bronshtein v. Horn, 404 F.3d 700, 709 (3d Cir. 2005)("Our analysis of the question of procedural default would proceed along a different path if the Pennsylvania Supreme Court, when it abandoned the doctrine of 'relaxed waiver,' had adopted what might be termed a 'transitional rule,' i.e., a rule imposing a special filing deadline for those cases in which a PCRA petitioner's one-year filing period expired prior to the end of the 'relaxed waiver' era.")(footnote omitted).

[4] See Songer v. Wainwright, 733 F.2d 788, 792 (11th Cir. 1984)("The district court properly held that because defendant **alleged** neither cause nor prejudice, he is now barred from raising these claims.") (emphasis added), reh'g en banc granted and opinion vacated by, 758 F.2d 552 (11th Cir. 1985), opinion reinstated by, 769 F.2d 1497 (11th Cir. 1985); Elrich v. McCullion, 861 F.2d 720 (Table), 1988 WL 119461, at *1 (6th Cir. 1988)("petitioner was required to allege cause and prejudice to excuse his procedural default.  See Engle v. Isaac, 456 U.S. 107 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977).  Because petitioner has failed to allege cause and prejudice, the district court was precluded from reviewing his claims."); Simpson v. Jones, 238 F.3d 399 (6th Cir. 2000).

**D.    Certificate of Appealability**

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. at 478.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  The test is conjunctive and both prongs must be met.  See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with AEDPA's statute of limitations and/or for Petitioner's procedural defaults was correct.  Accordingly, a certificate of appealability should be denied.[5]

---

[5] Because of this conclusion, the court does not reach the other prong of the Slack v. McDaniel test, i.e., whether petitioner has made a substantial showing of a denial of a constitutional right.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 16 February, 2007

cc:     The Honorable Donetta W. Ambrose
        Chief United States District Judge

        Cassius M. Clay, Sr.
        DQ-5954
        SCI Forest
        P. O. Box 945
        Marienville, PA 16239-0945

        Ronald M. Wabby, Jr.
        Office of the District Attorney
        401 Allegheny County Courthouse
        Pittsburgh, PA 15219
        Email: ron.wabby@da.allegheny.pa.u