IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSIUS CLAY, Sr., <br><br> Petitioner <br><br> vs. <br><br> Superintendent RAYMOND SOBINA and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY and THE ATTORNEY GENERAL OF PENNSYLVANIA, <br><br> Respondents | Civil Action No. 06-861 <br><br> Chief Judge Donetta W. Ambrose/ <br> Magistrate Judge Amy Reynolds Hay |

**MEMORANDUM ORDER**

The above-captioned Petition was received by the Clerk of Court on June 29, 2006, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In addition to the habeas petition, Mr. Clay also filed a motion for preliminary injunction, Doc. 16, in which he complained that guards, on May 11, 2006, confiscated much of his legal materials necessary to prosecute this case and two other federal cases. Doc. 16-1 at 1, ¶ 3. The Magistrate Judge issued a report, recommending denial of the motion for preliminary injunction. Doc. 23. Petitioner filed objections to the report. Doc. 25.

Subsequently, the magistrate judge filed another report, recommending denial of the habeas petition as being time barred by roughly nine years, or, in the alternative as being procedurally defaulted based on his failure to file a direct appeal and based upon his PCRA petition being found to be untimely by the State courts. Doc. 24. Petitioner filed objections. Doc. 27.

The objections to the report recommending denial of the preliminary injunction, raised several complaints, however, none of them merit sextended discussion.  Suffice it to say that after May 11, 2006, when Petitioner alleges that his legal paperwork was confiscated, he nonetheless executed his habeas petition on June 23, 2006, and thereafter, continued to file in this case, numerous pleadings, motions, and objections, all of which appeared to be well researched and fairly well written.  He even was able to file a substantial preliminary injunction motion on December 11, 2006, which was after more of his legal materials were allegedly confiscated on September 22, 2006.  Doc. 16-1 at 14.  The court also takes judicial notice of the fact that during this same period, he was able to effectively litigate by filing numerous motions and responses, in the case of Clay v. Reeves, No. 05-125 (W.D. Pa.), a civil rights action, including a motion for preliminary injunction, id., Doc. 41 and brief in support, id., Doc. 42, both of which were filed on July 24, 2006 just   two months after the first confiscation of his legal materials on May 11, 2006.  Not only was he able to effectively litigate in this case and in Reeves, he was simultaneously able to effectively litigate in yet a third case, i.e., Clay v. Sobina, No. 06-1255 (W.D. Pa.).  Hence, the evidence of which this court can take judicial notice is that Petitioner was not denied access to court as he complains in the motion for preliminary injunction.

Even if he were denied access to court by the confiscation of his legal materials, he certainly failed to show in this case that he merited the grant of injunctive relief because in order to successfully claim denial of access, a moving party must show that they were denied access to pursue a non-frivolous suit. Christopher v. Harbury, 536 U.S. 403 (2002) (requiring that the person alleging denial of access to courts establish that the allegedly blocked suit was non-frivolous); Lewis v. Casey, 518 U.S. 343, 353 n.3 (1996)("Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all....").  Here, as is made abundantly clear,

2

in the report and recommendation addressing the habeas petition, the current habeas petition is demonstrably time barred and/or procedurally defaulted. Hence, for this suit to have been interfered with is to have denied Petitioner nothing of value.

As for Petitioner's objections to the report which recommended denying the habeas petition, again, the court is unpersuaded. As to the timeliness issue, Petitioner argues that the statute of limitations should be calculated based on 28 U.S.C. §2244(d)(1)(D), i.e., from the time when the factual predicate of his claims could have been discovered with due diligence. However, he argues **not** that there were facts he did not know, so much as he argues that he did not understand the legal significance of facts that he already had known. Doc. 27-1 at 4 to 5 ("The Petitioner while researching into the Drug charges, and Excape [sic] charge on his first PCRA in November of 2002, where he had Stumbled across the Cases(s) of . . . . and other cases which stood for the Proposition inwhich [sic] I am now challanging [sic]."); id., at 8 (Petitioner did not know that "the Collateral Consequence (state) Doctrine did not apply to him"); id. ("All of this information was found November of 2002").

However, the provision of Section 2244(d)(1)(D), permitting the AEDPA statute of limitations to begin from the date whereon a factual predicate could have been discovered with reasonable diligence does not include legal research into the legal significance of facts known. Ledoux v. Dennehy, 327 F.Supp.2d 97, 100 (D. Mass 2004)(Section 2244(d)(1) (D)'s "reference to 'factual predicates' has been interpreted to mean evidentiary facts or events and not court rulings or legal consequences of the facts."). See also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000); Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir.) (*per curiam*), *cert. denied*, 531 U.S. 881 (2000). For example, the Court in Owens, confronted with a similar claim, held that

> He [i.e. the habeas petitioner] proposes that the year to file a federal petition
> begins when a prisoner actually understands what legal theories are available.
> That is not what § 2244(d)(1) says. First, the time commences when the factual
> predicate "could have been discovered through the exercise of due diligence," not

3

> when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate," not recognition of the facts' legal significance. Most federal statutes of limitations are injury-based. Unlike some state systems, which start the time only when a party knows (or should recognize) that a legal wrong has been done, federal statutes use objective indicators as triggers. ... Section 2244(d)(1)(D) follows the norm for a federal statute of limitations. Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [the petitioner's] case illustrates. Like most members of street gangs, [the petitioner] is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

Owens v. Boyd, 235 F.3d at 359 (internal citations omitted).

Having found Petitioner's objections unavailing, the time bar is a sufficient basis in and of itself to deny the petition.

As to the procedural default, Petitioner argues that not only was his counsel ineffective for filing a direct appeal, which allegedly constituted "cause" (a contention persuasively rejected in the report), but also that the trial court denied him fundamental fairness by not appointing counsel to effectuate an appeal on Petitioner's behalf and the trial court's error constituted an independent cause. Doc. 27-1 at 3. However, as the report and recommendation points out, claims of cause that are not presented in the state courts, or are not presented to the state courts in a procedurally proper manner are themselves procedurally defaulted and cannot serve as cause to excuse another procedural default. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 453 (2000)(holding that "an ineffective- assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Here, a review of the PCRA petition, Doc. 7 at 1-10, demonstrates that the issue of the trial court's alleged denial of fundamental fairness in failing to appoint counsel for Petitioner, was never raised in the PCRA petition and hence, was itself procedurally defaulted. Moreover, it is not surprising that

4

Petitioner did not raise this issue in the PCRA petition because in that very petition, he notes that "he told his Attorney after the Trial to Appeal, as he was innocent, and he [i.e, the Attorney] said that he would." Doc. 7-4 at 4, ¶17. It would have been inconsistent for Petitioner to claim he believed that his counsel had filed an appeal and then, in the same breath, to allege that the trial court denied him fundamental fairness, when Petitioner apparently never requested the trial court to appoint counsel for him, given that Petitioner apparently believed, if Petitioner is to be taken at his word, that counsel had, in fact, filed an appeal.[1] Lastly, although not necessary to the disposition of this case, the court notes it is skeptical that Petitioner truly desired to pursue an appeal, given that he was sentenced only to two concurrent terms of three years of probation. Not until he violated his probation did Petitioner have reason to complain of the convictions for which he received the probation sentence.

After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, and objections, the following order is entered:

**AND NOW**, this 22nd day of March, 2007;

**IT IS HEREBY ORDERED** that the motion for preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This case is Closed.

---

[1] While it is true that in his appeal of the PCRA petition to the Superior Court, Doc. 7-5 at 13 - 14, Petitioner raised the issue of the trial court's alleged failure to appoint counsel on direct appeal, an issue raised in the appellate court for the first time is waived. Commonwealth v. Agie, 296 A.2d 741, 741 (Pa. 1972) ("We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court.")(citations omitted). Moreover, even if not waived for failure to raise it in the PCRA court initially, it is procedurally defaulted because the State Superior Court refused to address the issue of trial court's failure to appoint counsel based on the untimeliness of the PCRA petition, which constitutes, as the report noted, an independent procedural default. Doc. 7-5 at 47 - 48. Hence, this claim of the trial court's alleged failure to appoint counsel as cause to excuse Petitioner's procedural default for failing to file an appeal is itself procedurally defaulted.

5

**IT IS FURTHER ORDERED** that the Reports and Recommendations (Doc. Nos. 23 & 24) of Magistrate Judge Hay, are adopted as the opinions of the court as supplemented by this memorandum opinion and order.

*Donetta W. Ambrose*
Donetta W. Ambrose
Chief United States District Court Judge


cc: Amy Reynolds Hay
United States Magistrate Judge

Cassius M. Clay, Sr.
DQ-5954
SCI Forest
P. O. Box 945
Marienville, PA 16239-0945

Ronald M. Wabby, Jr., Esq. by Notice of Electronic Filing